**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  12-cv-01848-RBJ-MEH

DEBRA S. BERRY,

Plaintiff,

v.

FORD MOTOR CREDIT COMPANY LLC,

Defendant.

---

**DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S
MOTION TO COMPEL ARBITRATION
AND TO STAY THIS ACTION PENDING ARBITRATION**

---

Defendant Ford Motor Credit Company LLC ("Ford Credit") hereby moves pursuant to 9 U.S.C. §§ 3 and 4 to compel arbitration and stay these proceedings.

## I.  INTRODUCTION

This purported class action arises from Plaintiff Debra Berry's purchase of a vehicle from a Colorado car dealership that assigned its rights under the contract to Ford Credit.  In this action Ms. Berry has asserted claims against Ford Credit based on Ford Credit's repossession of the vehicle.  In her retail installment contract, however, Ms. Berry agreed to have decided by arbitration "any Claim related to this contract," expressly including any claim "arising out of or relating to" the retail installment contract "or any resulting transaction or relationship."  Because the claims raised in Ms. Berry's complaint fall squarely within the scope of the arbitration provision, Ms. Berry should be compelled to arbitrate her claims, and this action should be stayed pending arbitration.

1

## II.     D.C.COLO.LCIVR 7.1 CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1, counsel for Ford Credit hereby certifies that they called Matthew Osborne, counsel for Plaintiff, on August 8, 2012, requesting that Plaintiff agree to arbitrate her claims.  Mr. Osborne confirmed that Plaintiff will not agree to arbitrate her claims against Ford Credit.

## III.    FACTUAL BACKGROUND

On February 21, 2011, Ms. Berry entered into a retail installment contract with Spradley Barr Ford Lincoln Mercury of Greeley Inc. for the purchase of a 2011 Ford Escape.  The retail installment contract signed by Ms. Berry contains an arbitration provision, which provides in relevant part:

> Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration.  Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, you/your employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

(Declaration of Linda Friedrichs ("Friedrichs Dec.") Ex. 1 at p. 2.)[1]  This arbitration provision is in a separate box with the heading "READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY / ARBITRATION."  (*Id.*)  And on the front of the lease, in a box immediately adjacent to Ms. Berry's signature, is the statement "YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION

---

[1] The declaration of Linda Friedrichs is filed herewith as Exhibit A to this motion.

4841-4625-7936.1

PROVISION ON THE REVERSE SIDE OF THIS CONTRACT." (*Id.* Ex. 1 at p. 1.) On July 16, 2012, despite having agreed to arbitrate all claims arising out of or relating to her vehicle contract or to any resulting transaction or relationship, Ms. Berry filed this putative class action against Ford Credit challenging Ford Credit's repossession of the vehicle.

## IV.  ARGUMENT

"Under the Federal Arbitration Act (FAA), 9 U.S.C. § 3, a district court *must* stay or dismiss judicial proceedings when a written agreement provides that the subject of the litigation must be submitted to arbitration." *Gibson v. TT of Woodmen, Inc.*, 2012 WL 957658, at *2 (D. Colo. Feb. 29, 2012). "There is a strong federal policy favoring arbitration for dispute resolution." *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1514 (10th Cir. 1995) (quoting *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 465 (10th Cir. 1988)); *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1749 (2011) (it is "beyond dispute that the FAA was designed to promote arbitration").

"If there is uncertainty as to whether a claim is arbitrable, '[a]ll "doubts are to be resolved in favor of arbitrability."'" *Gibson*, 2012 WL 957658, at *2 (quoting *Coors Brewing*, 51 F.3d at 1514). "'Absent some ambiguity in the [arbitration] agreement, . . . it is the language of the contract that defines the scope of disputes subject to arbitration.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1055 (10th Cir. 2006) (quoting *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)). "District courts must defer to arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute . . . doubts should be resolved in favor of coverage.'" *Encore*

*Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1110 (D. Colo. 1999) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

The Tenth Circuit has prescribed a three-part inquiry for analysis of a contractual arbitration provision:

> First, recognizing there is some range in the breadth of arbitration clauses, a court should classify the particular clause as either broad or narrow.  Next, if reviewing a narrow clause, the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause. *Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview.*  Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it.

*Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001)).

Here, the arbitration provision at issue applies to "[c]laims arising out of or relating to . . . this contract, or any resulting transaction or relationship. . . ."  This is a quintessentially "broad" provision, in both its use of the phrase "arising out of or relating to" and its reference to transactions or relationships "resulting" from the contract as well as the contract itself.  *See, e.g.*, *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1274-75 (10th Cir. 2010) ("Looking to the plain language of the arbitration provision contained in the Reinsurance Agreements, including its use of the phrase 'arising out of,' we have little trouble determining that it is a broad provision."); *Hicks v. Cadle Co.*, 355 F. App'x 186, 193 (10th Cir. 2009) (provision that "applied to all controversies arising out of and related to the note" was a "broad arbitration clause"); *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (clause requiring arbitration of

"[a]ny controversy, claim, or breach *arising out of or relating to* this Agreement" is "broad") (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967)); *Daugherty v. Encana Oil & Gas (USA), Inc.*, 2011 WL 2791338, at *5 (D. Colo. July 15, 2011) ("the Court first determines that the ICA's arbitration clause is broad in that it covers 'any dispute arising out of or related to this agreement (including any amendments or extensions)'"); *Encore Prods.*, 53 F. Supp. 2d at 1108 ("the arbitration clause in this case is written broadly, referencing 'any claim or dispute arising from or related to this Agreement'").[2]

Because the arbitration provision in Ms. Berry's contract is broad, there is a presumption of arbitrability, even for matters that might be considered "collateral" to the contract. Here, each of Ms. Berry's claims challenges the repossession of her vehicle as allegedly unauthorized by the retail installment contract. (*See, e.g.*, Compl. ¶¶ 21-22, 34.) Each of those claims falls squarely within the retail installment contract's broad arbitration provision, and Ms. Berry should be required to submit all of her claims to arbitration in accordance with the parties' agreement.

## V.   CONCLUSION

For the foregoing reasons, Ford Credit's motion to compel arbitration and to stay this action pending arbitration should be granted.

---

[2] "Narrow" arbitration provisions, by contrast, are limited to specified categories of disputes, evincing the parties' intent to submit some but not all of their disputes to arbitration. *See, e.g.*, *Cummings*, 404 F.3d at 1260 (provision requiring arbitration of disagreements about termination of the agreement "but no others" was narrow); *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1195 (10th Cir. 2009) (provision requiring arbitration of "*[a]ny controversy or claim arising out of or relating to payments to Pharmacy by Medco* or audit issues, but not relating to termination of Pharmacy's Agreement with Medco or Pharmacy's Termination from Medco's Networks" was narrow); *Bolsa Res., Inc. v. AGC Res., Inc.*, 2011 WL 6370409, at *6 (D. Colo. Dec. 20, 2011) (provision requiring arbitration of disputes "concerning the interpretation of the terms of this Agreement" was narrow).

Respectfully submitted this 8th day of August, 2012.

                                           *s/Mia K. Della Cava*
                                           Mia K. Della Cava
                                           KUTAK ROCK LLP
                                           1801 S. California Street, Suite 3100
                                           Denver, CO  80202
                                           Telephone (303) 292-7883
                                           Facsimile (303) 292-7799
                                           mia.dellacava@kutakrock.com

                                           and

                                           Thomas M. Byrne (application pending)
                                           Valerie S. Sanders (application pending)
                                           SUTHERLAND ASBILL & BRENNAN LLP
                                           999 Peachtree St., NE
                                           Atlanta, GA 30309
                                           (404) 853-8168
                                           valerie.sanders@sutherland.com

                                           Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on 8th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail address listed in the CM/ECF system records:

Richard K. Blundell
Richard K. Blundell, Law Office of
1227 8th Avenue
Greeley, CO 80631
970-356-8900
Email: lori.mashek@comcast.net

Matthew R. Osborne  #40835
MATTHEW R. OSBORNE, P.C.
2055 S. Oneida St., Ste. 370
Denver, CO 80224
(303) 759-7018
matthewosbornelaw@gmail.com

*Counsel for Plaintiff*

                                                  *s/ Peggy Forest*
                                                  Peggy Forest