# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01848-RBJ-MEH

DEBRA S. BERRY,
    Plaintiff,
v.

FORD MOTOR CREDIT COMPANY LLC,
    Defendant.

## MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING ON THE DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW, the Plaintiff, and hereby moves this Court for an Order allowing her to take discovery and to have an evidentiary hearing on the Defendant's Motion to Compel Discovery.

Certificate of Conferral:  Plaintiff's counsel has conferred with Defendant's counsel, who opposes this Motion.

## BACKGROUND

On August 8, 2012, the Defendant filed a Motion to Compel Arbitration.  The Plaintiff's position is that the arbitration clause is unconscionable under Colorado law and because the costs of arbitration would be so high that she could not effectively vindicate her rights.  The Plaintiff seeks permission from the Court to conduct some limited discovery to develop the facts to support her opposition to arbitration.

## LEGAL STANDARD

When a party is opposing an arbitration clause on unconscionability grounds, the Court may grant discovery on the issue.  *Adamson v. Foulke Management Corp.,* 2009 WL 961378 (D.N.J. 2009).   When a party is opposing an arbitration clause on the grounds that the costs of

arbitration are so high that they could not vindicate her rights, the court should grant discovery on the issue of the costs of arbitration. *Blair v. Scott Specialty Cases*, 283 F.3d 595, 610 (3rd Cir. 2002).

## ARGUMENT

This Court has the discretion under Colorado law to not enforce any term in a consumer contract that the Court may find is unconscionable. *C.R.S. § 5-5-109(1)(b) and C.R.S. 4-2-302*. Plaintiff must prove that the arbitration clause is both procedurally and substantively unconscionable. *In re Marriage of Ikeler,* 161 P.3d 663, 667 (Colo.2007). The Colorado Supreme Court has outlined the following factors for this Court to consider in determining whether the arbitration clause is unconscionable:

(1) A standardized agreement executed by parties of unequal bargaining strength
(2) Lack of opportunity to read or become familiar with the document before signing it
(3) Use of fine print in the portion of the contract containing the provision
(4) Absence of evidence that the provision was commercially reasonable or should reasonably have been anticipated
(5) The terms of the contract, including substantive unfairness
(6) The relationship of the parties, including factors of assent, unfair surprise and notice
(7) And all the circumstances surrounding the formation of the contract, including its commercial setting, purpose and effect

*Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986).

It is clear that the unconscionability analysis is essentially a <u>fact</u> driven one. *Hopkins v. New Day Fin.,* 643 F. Supp. 2d 704 (E.D. Pa. 2009) (unconscionability can be decided by the jury because it was fact-dependent). Furthermore, there is at least one reported decision that found it would cost a minimum of **$48,000**, but possibly as high as $126,000 in arbitration costs to simply litigate a class action in arbitration. *Popovich v. McDonald's Corp.,* 189 F.Supp. 2d 772, 778 (N.D. Ill. 2001). Accordingly, Plaintiff requests that this Court grant each party 15

Interrogatories, 15 Requests for Admission, 15 Requests for Production of Documents, and 2 deposition to conduct discovery.

WHEREFORE, the Plaintiff prays for a Court order granting her Motion for Discovery and for an Evidentiary Hearing on the Defendant's motion.

Respectfully submitted this 28th day of August 2012.

s/ Richard K. Blundell
Richard K. Blundell, Law Office of
1227 8th Avenue
Greeley, CO 80631
970-356-8900
Email: lori.mashek@comcast.net

s/ Matthew R. Osborne #40835
MATTHEW R. OSBORNE, P.C.
2055 S. Oneida St., Ste. 370
Denver, CO 80224
(303) 759-7018
matthewosbornelaw@gmail.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on 28th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail address listed in the CM/ECF system records:

KUTAK ROCK LLP
1801 S. California Street, Suite 3100
Denver, CO 80202
Telephone (303) 292-7883
Facsimile (303) 292-7799
mia.dellacava@kutakrock.com

Thomas M. Byrne (application pending)
Valerie S. Sanders (application pending)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree St., NE
Atlanta, GA 30309
(404) 853-8168
valerie.sanders@sutherland.com

s/ Matthew R. Osborne